COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                               NOS.
 2-10-236-CR

        2-10-237-CR

        2-10-238-CR

        2-10-239-CR

        2-10-240-CR

        2-10-241-CR

        2-10-242-CR

        2-10-243-CR

 

 

EX PARTE KORY MICHAEL GAUTREAUX

 

 

                                                       ------------

 

              FROM
THE 297TH DISTRICT COURT OF TARRANT COUNTY

 

                                                       ------------

 

                                      MEMORANDUM OPINION[1]

 

                                                       ------------








Appellant
Kory Michael Gautreaux attempts to appeal from the trial court=s
April 30, 2010 orders setting the conditions of bond.  Appellant=s
notice of appeal was due by June 1, 2010, but was not filed until June 14,
2010.  See Tex. R. App. P.
26.2(a)(1).  On June 25, 2010, we
notified Appellant of our concern that we lacked jurisdiction over these
appeals due to their untimeliness and informed him that we would dismiss the
appeals for want of jurisdiction unless he or any party desiring to continue
the appeals filed a response showing grounds for continuing the appeals by July
5, 2010.  See Tex. R. App. P.
44.3.  Appellant responded to our
jurisdictional letter on July 18, 2010, but the response does not show grounds
for continuing the appeals.

A
notice of appeal that complies with the requirements of rule 26 is essential to
vest this court with jurisdiction.  Slaton
v. State, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).  The court of criminal appeals has expressly
held that, without a timely filed notice of appeal or motion for extension of
time, we cannot exercise jurisdiction over an appeal.  See Olivo v. State, 918 S.W.2d 519,
522 (Tex. Crim. App. 1996); see also Slaton, 981 S.W.2d at 210.

Because
Appellant=s
notice of appeal was untimely, we have no basis for jurisdiction over the
appeals.  Accordingly, we dismiss the
appeals for want of jurisdiction.  See
Tex. R. App. P. 43.2(f).

PER CURIAM

 

PANEL:
GARDNER, WALKER, and MCCOY, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  August 19, 2010











[1]See Tex. R. App. P.
47.4.